OPINION
{¶ 1} Appellant Charlene Hatfield ("mother") appeals the February 10, 2003 Judgment Entry, and the February 10, 2003 Findings of Fact and Conclusions of the Law entered by the Stark County Court of Common Pleas, Juvenile Division, which terminated mother's parental rights, privileges and obligations with respect to her two minor daughters, and granted permanent of custody of the girls to appellee Stark County Department of Job and Family Services ("SCDJFS").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 17, 1998, SCDJFS filed a Complaint, alleging Jonathan Hatfield (DOB 7/21/88), Kaitlyn Hatfield (DOB 4/28/91), and Kelsey Hatfield (DOB 5/2/92) were dependent, neglected and abused children, and seeking temporary custody of the children. On May 28, 1998, mother and Steve Elsmore, father of Kaitlyn and Kelsey[1]
stipulated Kaitlyn and Kelsy were abused. Mother also stipulated Jonathan was dependent. The trial court approved a case plan for mother, which required her to be assessed by NOVA and follow all recommendations; maintain stable housing; undergo a psychological evaluation; and attend RENEW for domestic violence concerns.
 {¶ 3} On September 14, 1998, SCDJFS filed a motion to extend temporary custody, which the trial court granted via Judgment Entry filed November 2, 1998. The trial court extended temporary custody until May 17, 1999. On April 8, 1999, SCDJFS filed a motion for planned permanent living arrangement of the children. At that point, mother had not been consistently participating in her case plan. Mother did not attend weekly counseling appointments and was having difficulty maintaining stable housing. The trial court placed the children in a permanent planned living arrangement via Judgment Entry filed November 15, 1999.
 {¶ 4} After a visitation during which mother swung at the caseworker, behaved in a manner which called into question the safety of the children, and threatened to kill the caseworker, SCDJFS requested the trial court terminate mother's visitation. Via Judgment Entry filed March 2, 2001, the trial court temporarily suspended mother's companionship pending mother's compliance with medication and treatment for thirty days as well as mother's consistent attendance at appointments with her case manager. The trial court ordered companionship to be reinstituted after thirty days if mother complied. Mother's visitation with the children was subsequently reinstated, however, it was again suspended in September, 2002. On October 22, 2002, SCDJFS filed a motion for permanent custody.
 {¶ 5} The matter proceeded to final hearing on January 21, 2003. At that time, Steve Elsmore stipulated to the granting of permanent custody of Kaitlyn and Kelsy to SCDJFS. After considering the evidence, including the guardian ad litem's written report, the trial court found the girls could not or should not be placed with mother within a reasonable time, and found it was in the girls' best interest to grant permanent custody to SCDJFS. The trial court terminated mother's parental rights, responsibilities and obligations. The trial court denied SCDJFS's motion for permanent custody of Jonathan and ordered the boy remain in a permanent planned living arrangement subject to the trial court's ongoing review. The trial court memorialized its ruling via Judgment Entry, and Findings of Fact and Conclusions of Law, both filed February 10, 2003.
 {¶ 6} It is from these entries mother appeals, raising the following assignments of error:
 {¶ 7} "I. The judgment of the trial court that the minor children cannot or should not be placed with appellant within a reasonable time was against the manifest weight and sufficiency of the evidence.
 {¶ 8} "II. The judgment of the trial court that the best interests of the minor children would be served by the granting of permanent custody was against the manifest weight of the evidence.
 {¶ 9} "III. The trial court erred in its determination that the stark county department of job and family services put forth good faith and diligent efforts to rehabilitate the family situation."
 {¶ 10} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 11} A(E) Determination and judgment on appeal.
 {¶ 12} AThe appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 13} AThe decision may be by judgment entry in which case it will not be published in any form.
 {¶ 14} This appeal shall be considered in accordance with the aforementioned rule.
I, II
 {¶ 15} Because mother's first and second assignments of error are interrelated, we shall address said assignments of error together. In her first assignment of error, mother argues the trial court's finding the children could not or should not be placed with mother within a reasonable time was against the manifest weight and sufficiency of the evidence. In her second assignment of error, mother submits the trial court's finding the best interest of the children would be served by granting permanent custody to the agency was against the manifest weight of the evidence.
 {¶ 16} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 17} The relevant statute is R.C. 2151.414, which provides, in pertinent part: A(B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply: (a) The child is not abandoned or orphaned * * *, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 18} R.C. 2151.414(E) states: AIn determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with the parent: (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties; (2) Chronic mental illness, chronic emotional illness * * * of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing; * * * (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; * * * (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect; * * * (16) Any other factor the court considers relevant.
 {¶ 19} The trial court found mother had failed to successfully complete her case plan. The trial court further noted, Aher failure to consistently take her much needed medication over a long period of time, and the violence and paranoia symptoms which result therefrom, [make] her a danger to her children. Findings of Fact and Conclusions of Law at 8. Mother failed to undergo a psychological evaluation. Although the case plan required mother to find stable housing, mother had lived at five different locations during the pendency of the case. Mother's visits with Kaitlyn and Kelsey were terminated due to mother's violent behavior. Additionally, mother had been involuntarily committed to a psychiatric hospital on at least two occasions.
 {¶ 20} In determining the best interest of a child, R.C. 2151.414(D) states: A * * * the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 21} "(1)The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child * * *; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 22} In light of the foregoing and based upon the entire record in this matter, we find the trial court's findings the children could not and should not be placed with mother within a reasonable time, and it was in the best interests of the children to grant permanent custody to the agency were not against the manifest weight of the evidence. We further find the trial court did not abuse its discretion in granting permanent custody of the children to the agency.
 {¶ 23} Mother's first and second assignments of error are overruled.
 III {¶ 24} In her final assignment of error, mother contends the trial court's determination SCDJFS had put forth good faith and diligent efforts to rehabilitate the family situation was erroneous.
 {¶ 25} In In re Weaver (1992), 79 Ohio App.3d 59, 63, the Twelfth District Court of Appeals held, a good faith effort to implement a reunification plan "means an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." Id., citing In re Johnson (Nov. 21, 1988), Butler App. No. CA87-12-158, unreported, at 5. "A lack of good faith effort is defined as importing a dishonest purpose, conscious wrongdoing or breach of a known duty based upon some ulterior motive or ill will in the nature of fraud." Id.
 {¶ 26} We find the record supports a good faith effort on the part of SCDJFS. We find no evidence which establishes SCDJFS acted in a fraudulent or malicious manner. While mother blames SCDJFS for her failures, mother admitted she terminated contact with the family caseworker. Mother claims she did not attend court hearings during which the case plan was discussed due to her hospitalizations; therefore, she did not know what was required of her. The record as well as mother's actions belie this assertion. Mother scheduled and appeared for the initial appointment for her psychological examination, but failed to complete the examination. Mother's own behavior resulted in the termination of visitation with the children. Mother refused to follow her medication regime. A reunification plan is bilateral; it imposes duties on both the agency and the parent. An agency cannot make a parent comply with the provisions of a reunification plan. In re Lay (1987),43 Ohio App.3d 78, 80.
 {¶ 27} Mother's third assignment of error is overruled.
 {¶ 28} The judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed
By: Hoffman, J. Farmer, J. and Boggins, J. concur
[1] Elsmore is not a party to this appeal.